<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH ONYECHI,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW JERSEY OFFICE OF ATTORNEY GENERAL *et al.*,<br><br>    Defendants. | No. 24cv10130 (EP) (MAH)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Kenneth Onyechi brings this action pursuant to 42 U.S.C. § 1983 against the New Jersey Office of Attorney General, the Jersey City Police Department ("JCPD"), and the Hudson County Prosecutors Office ("HCPO"), as well as several individuals from those offices: Detective Nicholas Villano, Anthony Picione, Thomas Eicher and Matthew Platkin from the New Jersey Office of Attorney General; Officers Jocelyn Roldan, John Tomei, Matthew Roncaioli, John Doe 1 and 2, and Jane Doe from the JCPD; and Officers John Doe 1 and 2 from the HCPO (collectively, "Defendants"). D.E. 1 ("Complaint" or "Compl.").

The Court previously dismissed the action **without prejudice** due to Plaintiff's failure to pay the filing fee or submit a completed and signed *in forma pauperis* ("IFP") application. D.E. 5. Plaintiff then filed a letter requesting the case be re-opened because the New Jersey Victims of Crime Compensation Office will reimburse him for the filing fee. D.E. 6. The Court subsequently advised Plaintiff that if he wished to re-open this action, he must submit either a complete IFP application or the required filing fee. D.E. 7.

Plaintiff now seeks to proceed IFP. D.E. 11. Because Plaintiff demonstrates financial need, the Court will **GRANT** Plaintiff's IFP application. The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will **DISMISS** *without prejudice* Plaintiff's Complaint for his failure to state a claim.

I.   **BACKGROUND**

Although it is not entirely clear to the Court, it appears Plaintiff alleges that Defendants violated his civil rights in connection with alleged police misconduct. *First*, Plaintiff alleges on October 25, 2022, he was "injured, violated, and unprotected as a crime victim by Detective Nicholas Villano of the Office of New Jersey Attorney General who was made aware by [Plaintiff] that [his] civil rights were violated by police officers of Jersey City via Obstruction of Justice (tampering with records, false statements) and breaking of a Police 'Special Relationship.'" Compl. at 3.[1] Plaintiff alleges that Detective Villano "perpetuated the concealment of misconduct by the JCPD officers who violated [his] civil rights as a crime victim by maliciously rejecting [his] claims on the spot without initiating an investigation." *Id.* Plaintiff made "Anthony Picione, Thomas Eicher and Matthew Platkin all of the Office of New Jersey Attorney General" aware of Detective Villano's conduct. *Id.* Plaintiff requests punitive damages, but not injunctive relief. *Id.* at 4.

*Second*, Plaintiff alleges that three days later, on October 25, 2022, he emailed Anthony Picione regarding Detective Villano's failure to intervene as a law enforcement officer with knowledge that Plaintiff's civil rights were being violated by officers of the Jersey City Police

---

[1] Because Plaintiff includes several attachments to the Complaint, the Court uses the PageID page numbers for clarity.

Department and the HCPO. *Id.* at 11. Plaintiff then emailed Thomas Eicher and Matthew Platkin on October 27, 2022. *Id.*

*Third*, Plaintiff alleges his rights as a crime victim were denied by Officers John Does 1 and 2 of the HCPO when they withheld "incriminating evidence" in the form of "video footage validating [his] claim that Jersey City police detective committed obstruction of justice." *Id.* at 15.

*Fourth*, Plaintiff alleges that between August 18, 2022 and September 28, 2022, the Internal Affairs Unit of Jersey City Police Department violated his rights. *Id.* at 18. Specifically, he alleges that Officer Jocelyn Roldan of Jersey City Police Department's Internal Affairs Unit withheld video footage "validating [his] claim that Jersey City police detective committed obstruction of justice on [him] by refusing to request the footage from Hudson County Prosecutors Office." *Id.* at 19. Instead, "Officer Roldan perpetuated false statements from the detective who obstructed justice." *Id.* Plaintiff alleges Officer Roldan's conduct constitutes a failure to intervene as a law enforcement officer and was also a "concealment of misconduct." *Id.* In addition, "Officer Jocelyn Roldan displayed criminal omission by refusing to adequately discipline four other police officers who also violated my civil rights as a crime victim on July 7, 2022 and August 17, 2022 regarding the same criminal matter." *Id.*

*Fifth*, Plaintiff alleges that on August 18, 2022, his rights were "intentionally and maliciously violated" by Officer John Tomei of the JCPD's East District's Station. *Id.* at 22. Plaintiff alleges Officer Tomei "committed Obstruction of Justice as a form of retaliation towards [Plaintiff], so the violent criminal who harmed [Plaintiff] would not be prosecuted. Officer Tomei did this by tampering with records and providing false statements to government officials." *Id.*

*Sixth*, Plaintiff alleges that on August 17, 2022, his rights were again violated because he was not protected by three Jersey City police officers, Officers Tomei, John Doe 1, and John Doe 2, who were obligated to protect him from a perpetrator who committed a violent crime against him over a month prior. *Id.* at 25. Plaintiff alleges these officers "refused to fulfill their duty of detaining [his] assailant based on a police 'special relationship' between JCPD and [him] pertinent to the violent crime." *Id.* Plaintiff further alleges these officers inflicted emotional distress on him with "callous behavior," which occurred while the perpetrator stood nearby for a long period of time. *Id.* Further, he alleges Officer Roldan saw what happened. *Id.* at 26.

*Seventh*, Plaintiff alleges that on July 7, 2022, his rights were violated when he was not protected by Officers Matthew Roncaioli and Jane Doe of the JCPD, who were obligated to protect him from a perpetrator who committed a violent crime on him in the weeks prior. *Id.* at 29. Similar to the previous allegation, Plaintiff alleges that these officers refused to fulfill their duty of detaining his assailant based on a police 'special relationship' between JCPD and him pertinent to the violent crime. *Id.* Plaintiff alleges Officer John Doe 3 was involved in his final set of claims, and Officer Roldan "saw what happened" as well. *Id.*

II.     **LEGAL STANDARD**

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim

4

against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[2] A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325(1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

A *pro se* plaintiff's complaint must be liberally construed. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Additionally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

The court also has the authority to examine subject-matter jurisdiction sua sponte. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction,

---

[2] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.") (internal quotation marks omitted).

the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). The party commencing the action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

**III.     ANALYSIS**

    **A.     The Court Will Grant Plaintiff's IFP Application**

Having reviewed Plaintiff's IFP application, the Court determines that Plaintiff "establish[ed] that he is unable to pay the costs of his suit." *Walker*, 886 F.2d at 601. Therefore, the Court will **GRANT** Plaintiff's IFP application.

    **B.     Plaintiff's Claims Against Individuals Acting In Their Official Capacities Will Be Dismissed**

The Eleventh Amendment "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction" over actions against a state. *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013). The state's immunity from suit also extends to "arms" of the state, such as agencies or departments. *Id.* State officials are also entitled to immunity from suit for monetary damages when acting in their official capacities. *Stephens v. Kenney*, 802 F. App'x 715, 719 (3d Cir. 2020). These principles are consistent with the interpretation of a "person" under Section 1983: "neither a State nor its officials acting under their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Smith v. Cape May Cnty. Prosecutor's Off.*, No. 21-13207, 2021 WL 5277460, at *2 (D.N.J. Nov. 12, 2021) (cleaned up)

6

("In New Jersey, county prosecutor's offices are considered state agencies for § 1983 purposes when fulfilling their law enforcement and investigative—as opposed to administrative—roles."). Therefore, "an employee of the State named as a defendant in a civil rights action may be held liable for damages only if that person has personal involvement in the alleged wrongs and is sued in their personal capacity." *GJJM Enters., LLC v. City of Atl. City*, 293 F. Supp. 3d 509, 515-16 (D.N.J. Dec. 21, 2017) (quoting *Will*, 491 U.S. at 71 n.10); *see also Ehrlich v. Alvarez*, No. 20-6398, 2021 WL 2284108, at *6 (D.N.J. June 4, 2021), aff'd, No. 21-2342, 2022 WL 1487021 (3d Cir. May 11, 2022) (collecting cases).

Complaints often fail to specify whether officials are being sued in their official or personal capacities or both and "'[t]he course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (quoting *Brandon v. Holt*, 469 U.S. 464, 469 (1985)). "Courts within the Third Circuit searching for such indication look to whether the plaintiff seeks to recover damages only from the official and not the state itself" and also "whether punitive damages – only available as to officials in their individual capacities – are sought." *Lancaster v. Piccoli*, No. 12-1995, 2023 WL 3916295, at *4 (D.N.J. June 9, 2023) (cleaned up). Continued reference to individuals' official titles in a complaint "may also provide persuasive indication." *Id.* at *4 (citing *Pena v. Div. of Child & Fam. Servs.*, No. 08–1168, 2010 WL 3982321, at *5 (D.N.J. Oct. 8, 2010)).

Even when construing the Complaint liberally, it is not clear to the Court whether Plaintiff brings these claims against the named individuals in their personal or official capacities. Although Plaintiff primarily seeks punitive damages (suggesting a suit against Defendants in their personal capacities), he refers to parties by their official titles at times. To the extent Plaintiff brings these claims against Defendants in their official capacities, those claims will be **DISMISSED *with***

***prejudice*** as Defendants are immune from suits for damages, and therefore Court lacks subject matter jurisdiction.

### C. Plaintiff Fails to State a Claim Against Individual Defendants In Their Personal Capacities

A plaintiff can make a claim under § 1983 by showing that (1) the conduct complained of was committed by a state actor and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or other laws of the United States. *Hone v. Shroba*, No. 21-11356, 2022 WL 345018, at *2 (D.N.J. Feb. 4, 2022) (citing *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011)).

Again, it is not entirely clear to the Court what the impetus of the alleged Constitutional violations is because Plaintiff fails to plead facts to support his various allegations. For example, Plaintiff fails to allege facts explaining how he was "legally injured, violated, and unprotected as a crime victim by Detective Nicholas Villano" on October 25, 2022, or what facts underlie his allegations that Detective Villano obstructed justice. Compl. at 3. To proceed, Plaintiff must amend his complaint to allege facts that explain what records were tampered with, what false statements were made, and how Defendants violated his civil rights. Similarly, Plaintiff fails to support his allegations concerning Officer Roldan: he must similarly allege facts that support his allegations that Officer Roldan "perpetuated false statements." *Id.* at 19.

In sum, even when construing the Complaint liberally, Plaintiff fails to allege sufficient facts to support his allegations that his civil rights were violated by Defendants. Therefore, the Court will **DISMISS *without prejudice*** any claims he alleges against Defendants in their personal capacities.[3]

---

[3] In an amended complaint, Plaintiff must bolster his allegations to survive dismissal.

8

IV. CONCLUSION

For the reasons above, the Court will **GRANT** Plaintiff's IFP Application, D.E. 11, **DISMISS** claims against Defendants in their official capacities *with prejudice*, and **DISMISS** claims against Defendants in their personal capacities *without prejudice*. Plaintiff will be given **45 days** to file an amended complaint that cures the deficiencies as set forth above. An appropriate Order accompanies this Opinion.

Date: **2/3/2025**               Evelyn Padin, U.S.D.J.

9