<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KENNETH ONYECHI, | No. 24cv10130 (EP) (MAH) |
| Plaintiff, | **MEMORANDUM ORDER** |
| v. | |
| NEW JERSEY OFFICE OF ATTORNEY GENERAL, *et al.*, | |
| Defendants. | |

**PADIN, District Judge.**

    *Pro se* Plaintiff Kenneth Onyechi brings this action pursuant to 42 U.S.C. § 1983 against the New Jersey Office of Attorney General ("NJOAG"), the Jersey City Police Department ("JCPD"), and the Hudson County Prosecutors Office ("HCPO"), as well as several individuals from those offices:   Detective Nicholas Villano, Anthony Picione, Thomas Eicher and Matthew Platkin from the New Jersey Office of Attorney General; Officers Jocelyn Roldan, John Tomei, Matthew Roncaioli, John Doe 1 and 2, and Jane Doe from the JCPD; and Officers John Doe 1, 2, and 3 from the HCPO (collectively, "Defendants").  D.E. 14 ("Amended Complaint" or "Am. Compl.").

    The Court previously dismissed the action ***without prejudice*** due to Plaintiff's failure to pay the filing fee or submit a completed and signed *in forma pauperis* ("IFP") application.  D.E. 5.  Plaintiff then filed an IFP application, which the Court granted.  D.E. 12.  However, pursuant to its screening of the Complaint under 28 U.S.C. § 1915(e)(2)(B), the Court dismissed the Complaint, in part ***with prejudice*** and in part ***without prejudice*** for failure to state a claim.  *Id.* D.E. 12.  Plaintiff then filed an Amended Complaint, and the Court must again screen it pursuant

to 28 U.S.C. § 1915(e)(2)(B).  D.E. 14 ("Amended Complaint" or "Am. Compl.").  For the reasons

explained below, the Court will **DISMISS** *without prejudice* Plaintiff's Amended Complaint.

## I.    BACKGROUND

Even though Plaintiff has added to his claims in the Amended Complaint, it is still not clear

to the Court what Plaintiff is alleging.[1]  The Court's understanding is that Plaintiff was the victim

of a violent crime.  Am. Compl. at 102.[2]  The assailant's name is potentially James, but Plaintiff

does not know his surname.  *Id.* at 103.   Plaintiff provides no other information about this

individual or the nature and circumstances of this crime.

After this incident, Plaintiff contacted law enforcement and participated in a photo lineup

on July 13, 2022, to see if he could identify James.  *Id.*  Initially, Plaintiff worked with Defendant

Tomei, who oversaw the lineup.  *Id.*  James was not in any photos in the lineup, but Plaintiff saw

James on August 17, 2022, in public.  *Id.* at 104.  Plaintiff immediately called Tomei to inform him

that James was nearby, but Tomei did not timely send any police officers to apprehend James.  *Id.*

When the police did show up nearly forty-five minutes later, they belittled Plaintiff and minimized

the seriousness of the situation.  *Id.* at 117.

Plaintiff also sought help from various entities, including the NJOAG, HCPO, and JCPD

Internal Affairs Unit, but was repeatedly dismissed.  *See* Am. Compl at 80-82.  For example,

Plaintiff was ignored by Defendants working in the NJOAG.  *Id.* at 81.  Similarly, Plaintiff reached

out to several Defendants who refused to provide him with evidence of the crime.  Plaintiff alleges

that different facets of law enforcement are depriving him of access to certain information and are

---

[1] The Court has thoroughly reviewed the Amended Complaint and below summarizes the pertinent facts.

[2] Because Plaintiff includes several attachments to the Amended Complaint, the Court uses the PageID page numbers generated by CM/ECF for clarity.

obstructing justice. *Id.* at 89. For instance, after Plaintiff called Villano of the HCPO on the phone and provided him with a "with a detailed account of everything that transpired within [Plaintiff's] situation from the violent crime [he] endured," there was "a complete 180" in Villano's demeanor. *Id.* at 85. Villano then became "obnoxious and ruthless by irately stating there was no cover up," to Plaintiff. *Id.* Plaintiff alleges Villano improperly reached this conclusion without first conducting an investigation. *Id.*

## II.    LEGAL STANDARD

After granting leave for a plaintiff to proceed IFP, courts must examine whether a complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[3] A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

---

[3] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.") (internal quotation marks omitted).

*Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

A complaint must also contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A "district court may *sua sponte* dismiss a complaint for failure to comply with Rule 8; dismissal is appropriate in cases where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Muhammad v. U.S. States Bd. of Governors Postal Sys.*, 574 F. App'x 74 (3d Cir. 2014) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

Finally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

## III.   ANALYSIS

The Court acknowledges that Plaintiff added more information in the Amended Complaint. Nevertheless, the Court still struggles to discern what Plaintiff is alleging, what causes of action Plaintiff seeks to bring, or whether the information Plaintiff added helps him state a claim. In sum and substance, Plaintiff alleges a series of actions by various individuals that followed after Plaintiff was the victim of an unidentified crime. Plaintiff's allegations are made in vague terms, which makes it difficult for the Court to understand basic facts underlying the Amended Complaint. For example, Plaintiff alleges that law enforcement "violated the Police 'Special Relationship' and committed Dereliction of Duty." Am. Compl. at 106. Yet, Plaintiff does not specify what this "Special Relationship" is or which officers violated this relationship. Similarly, Plaintiff repeatedly alleges there was a "cover up" and that evidence is being tampered with, but

4

he does not explain who is involved in this conspiracy and what information is being tampered with and hidden from him.

At points, the Amended Complaint contains run-on paragraphs that span multiple pages, which the Court struggles to follow. *See, e.g.*, Am. Compl. at 89-93 (one paragraph). Many of these paragraphs contain information that appears tangentially related, at best, to Plaintiff's underlying purported claims. "[P]rolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed." *Fisch v. Consulate Gen. of Republic of Poland*, No. 11-4182, 2011 WL 3847398, at *2 (S.D.N.Y. Aug. 30, 2011). Federal Rule of Civil Procedure 41(b) permits the Court to dismiss an action because of a plaintiff's failure to comply with Rule 8. *See* Fed. R. Civ. P. 41(b). Plaintiff's Amended Complaint fits the bill, and therefore, the Court will **DISMISS** it for failure to comply with Rule 8(a).

Should Plaintiff choose to file another complaint, he should clearly and succinctly provide pertinent information regarding his claims, including, but not limited to, the following:  facts regarding the underlying crime,[4] information on the perpetrator of that crime, what evidence he alleges the police have tampered with, what actions constitute tampering, which officers have tampered with evidence, what specific evidence Plaintiff is being prevented from obtaining, who has obstructed justice and in what ways have they done so, what causes of action he brings, and against which Defendants does he bring each action, which of his constitutional rights has been violated, and whether he brings his claims against individual Defendants in their personal or

---

[4] For example, Plaintiff should make clear basic and essential facts such as the date, location, and nature of the crime beyond labeling it "violent."  Plaintiff should also clarify whether the crux of his Amended Complaint arises from law enforcement's failure to investigate the crime he was a victim of.

official capacities.[5]  Plaintiff must also identify what specific right of his—that confers a private right of action after a constitutional violation—is at issue.  Plaintiff ought to consider re-organizing his Amended Complaint in chronological order, beginning with the facts and circumstances of the alleged violent incident and proceeding from there.  Similarly, Plaintiff can break his allegations into smaller paragraphs or bulleted lists to further help organize the Amended Complaint in such a manner that will elucidate what facts he is required to show in order to state a claim upon which the Court can provide him relief.[6]

Accordingly,

**IT IS** on this **22nd** day of January 2026,

**ORDERED** that Plaintiff's Amended Complaint, D.E. 12, is dismissed ***without prejudice***; and it is further

**ORDERED** that Plaintiff has **30 days** to file a second amended complaint that cures the deficiencies in the Amended Complaint, D.E. 12; and it is further

**ORDERED** that Plaintiff's failure to do so may result in dismissal ***with prejudice*** without further notice; and it is finally

**ORDERED** that Clerk of Court shall mail a copy of this Order to Plaintiff by regular mail.

_Evelyn Padin_
Evelyn Padin, U.S.D.J.

---

[5] The Court recognizes that Plaintiff has removed Defendants' titles from the Amended Complaint following this Court's previous order, which noted that Plaintiff's repeated use of these titles was an indication he brought his suit against Defendants in their official capacities.  D.E. 13 at 8.  Plaintiff must do more than summarily remove titles; he must allege facts that show Defendants were acting in their individual capacities.

[6] Plaintiff attached to his Amended Complaint this District's Procedural Guide for *Pro Se* Litigants.  D.E. 14 at 67.  The Court recommends Plaintiff utilize all resources available to *pro se* litigants to better understand how Plaintiff should plead his claims.